UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62200-CIV-COHN/SELTZER

LOUIS RAFAEL HURTADO,

    Plaintiff,

vs.

BALERNO INTERNATIONAL LTD., a
British Virgin Island Company,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendant's Motion to Quash Subpoena <u>Duces Tecum</u> Without Deposition [DE 84], issued by Plaintiff to non-party International Registries, Inc. ("IRI"), seeking production of "[a]ny and all records and documents related the M/Y PICNIC, a 2010, Private Motor Yacht, IMO No. 9603817, Official No., 71033, Call Letters V7IN6, Present Certificate of Registry Number: 352-14-PY." Plaintiff states that "IRI is the flag state administrator for the M/Y's Picnic's Flag state, the Marshall Islands. IRI ensures vessels flagged in the Marshall Islands are in compliance with its rules by conducting inspections utilizing flag state surveyors and also deals with the registration of vessels among other things" (DE 89, p. 2). Plaintiff's subpoena seeks every document held by IRI relating to the vessel. Defendant argues that the subpoena is overly broad and burdensome and seeks irrelevant information and moves to quash the subpoena.

Fed. R. Civ. P. 45 does not identify irrelevance or overbreadth as reasons for quashing a subpoena. However, a party does have standing to challenge the relevancy

of documents sought by a non-party subpoena. Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (treating motion to quash challenging relevancy as a motion for protective order). The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. See, e.g., Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421, at *1 (D.Conn. Sept. 25, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); Stewart v. Mitchell Transport, 2002 WL 1558210, *at 3 (D.Kan. July 8, 2002) (same); see also Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); 9A C. Wright and A. Miller, Federal Practice and Procedure, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34).

The Court, therefore, must determine whether the subpoena duces tecum at issue seeks irrelevant information or is overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. See, e.g., Barrington v. Mortgage It, Inc., 2007 WL 4370647, at *5-6 (S.D. Fla. Dec. 10, 2007) (quashing subpoena to plaintiff's prior employers on grounds that prior employment records were not relevant to the claims in the case); Wagner v. Viacost.com, 2007 WL 1879914 (S.D. Fla. June 29, 2007) (applying relevance standard of Rule 26(b) to subpoena duces tecum seeking employment records from the plaintiff's current employer in deciding such records were not relevant).

Rule 26(b)(1), Fed. R. Civ. P., provides as follows:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

This is an action for maintenance and cure brought under the Court's admiralty jurisdiction. Plaintiff Louis Rafael Hurtado ("Hurtado") seeks maintenance and cure for medical and other expenses he incurred when he developed complications from a medical condition while serving on a vessel owned by Defendant Balerno International Ltd. ("Balerno"). Balerno denies liability and has raised numerous defenses to the claim, including that Hurtado concealed that he did not possess a current medical certificate as required by the Vessel's Flag State.

The subpoena, as drafted, is overly broad and seeks documents that are neither relevant nor proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). The only relevant documents covered by the subpoena, if any exist, are those that relate to (1) the requirement that the vessel's crew have medical certificates and (2) any documents pertaining to Plaintiff's medical certificate or lack thereof. Accordingly, it is hereby

3

**ORDERED AND ADJUDGED** that Defendant's Motion to Quash Subpoena <u>Duces Tecum</u> Without Deposition [DE 84] is **GRANTED**. The Subpoena to International Registries, Inc., is **QUASHED**. Plaintiff may serve a subpoena limited to documents that relate to (1) the requirement that the vessel's crew have medical certificates and (2) any documents pertaining to Plaintiff's medical certificate or lack thereof.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of January 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF