UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62200-CIV-COHN/SELTZER

LOUIS RAFAEL HURTADO,

    Plaintiff,

vs.

BALERNO INTERNATIONAL LTD., a
British Virgin Island Company,

    Defendant.
                                            /

## **ORDER**

**THIS CAUSE** has come before the Court upon Plaintiff's Motion to Compel Better Responses to His First Request for Production [DE 91], served on February 7, 2019.  This is an action for unpaid maintenance and cure brought under the general maritime laws of the United States.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants the Court original jurisdiction of all civil actions arising under the laws of the United States.

Plaintiff has served a Request for Production of Documents upon Defendant and now seeks an order overruling certain of Defendant's objections.  The first objection raised by Defendant is that several of the requests (Nos. 9-12 and 14-16) "assume facts not in evidence."  The second objection raised by Defendant is that other requests (Nos. 25-32 and 34-40) are barred by Fla. Stat. § 768.72, which governs the pleading of and discovery related to punitive damages in state court actions.  Defendant also objects that Request Nos. 25-32 and 34-40 are "vague, overly broad, excessively burdensome, irrelevant and/or not reasonably conducive to the discovery of admissible evidence."

The Court overrules Defendant's objection that Request Nos. 9-12 and 14-16 "assume facts not in evidence." This is an objection for trial, not discovery. Androux v. Geldermann, Inc.,1990 WL 125495, at *1 (N.D. Ill. Aug. 17, 1990) ("If the premise for any question does turn out not to have been established at the time of trial, it will then be appropriate to consider excluding the question and answer—but not now."). The appropriate standard for discovery is that the matters requested be relevant to any parties' claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court has reviewed Request Nos. 9-12 and 14-16 and concludes that these requests meet the standards of Rule 26(b)(1), in that they are relevant to the claims and defenses in this case and are proportional to the needs of the case.

The Court also overrules Defendant's objection to Request Nos. 25-32 and 34-40 that Fla. Stat. § 768.72 precludes discovery related to punitive damages until such time as an evidentiary record supporting punitive damages is made. The Eleventh Circuit has held that the pleading rules of Federal Rule of Civil Procedure 8(a)(3) preempt the requirement of Fla. Stat. § 768.72 that a plaintiff must obtain leave of court prior to pleading a claim for punitive damages. Cohen v. Office Depot, Inc., 184 F.3d 1292, 1299 (11th Cir. 1999) vacated in part on other grounds, 204 F.3d 1069 (11th Cir. 1999). Subsequently, lower courts have held that the Federal Rules of Civil Procedure related to discovery preempt the limitations imposed on punitive damages discovery by Fla. Stat. § 768.72. See Gomez v. Wells Fargo Bank, 2015 WL 11201185, at *2 (S.D. Fla. Jan. 8, 2015) (citing Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1345-60 (S.D. Fla. 2008); Malborough Holdings Group, Ltd. v. Pliske Marine, Inc., 2010 WL 4054262, at *1-2 (S.D. Fla. Oct. 15, 2010); and

Pantages v. Cardinal Health, 2009 WL 1011048, at *1-3 (M.D. Fla. Apr. 15, 2009)); Black v. Kerzner Int'l Holdings, Ltd., 2013 WL 11971270, at *3 (S.D. Fla. May 20, 2013).

It is well-established that a seaman seeking maintenance and cure may recover punitive damages "for the wilful and wanton disregard of the maintenance and cure obligation." Atlantic Sounding Co., Inc. v. Townsend, 557 U.S. 404, 424 (2009). And, where there is a claim for punitive damages, "a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award." Shores of Panama Resort Comty. Ass'n v. Halberthal, 2015 WL 3466127, at *1 (N.D. Fla. June 2, 2015); Gottwald v. Producers Group I, LLC, 2013 WL 1776154, at *3 (S.D. Fla. Apr. 25, 2013) ("[I]t is clear that financial worth is relevant to a claim of punitive damages.").

Notwithstanding the general relevancy of financial worth for purposes of discovery, the Court has reviewed Plaintiff's Request Nos. 25-32 and 34-40 and notes that the requests are not reasonably limited in time. In addition, certain requests, but not all, go beyond relevancy to Defendant's financial worth or are not proportional to the needs of the case. Finally, certain requests, but not all, are so vaguely worded as to be indecipherable. Accordingly, the Court will sustain Defendant's objections to Request Nos. 29 (relevancy and proportionality); 30 (vagueness and relevancy); 31 (vagueness and relevancy); 32 (relevancy and proportionality); 35 (relevancy and proportionality); and 36 (vagueness, relevancy and proportionality). The Court will overrule Defendant's objections to Request Nos. 25, 26, 27, 28, 34, 37, 38, 39 and 40. However, "[o]nly current financial records are relevant to a claim for punitive damages." Black, 2013 WL 971270, at *3. Accordingly, the Court will limit the scope of production and "will require Defendant to produce only financial

documents for the most recent three years." Cervenec v. Borden Dairy Co. of Fla., 2015 WL 13567434, at *5 (S.D. Fla. Oct. 16, 2015).

In light of the foregoing discussion, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Better Responses to His First Request for Production [DE 91], is **GRANTED IN PART AND DENIED IN PART**. Defendant shall produce or make available for inspection all documents responsive to Request Numbers 9-12 and 14-16 and documents responsive to Request Numbers 25-28, 34, 37-40, but only from January 2016 to date. Production shall be made by 5:00 p.m., Friday, March 1, 2019. The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of February 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel vial CM/ECF